## O'Toole v. Hughes-Foulkrod Co., Appellants.

Argued May 4, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Samuel G. Wagner,* and with him *Leo A. Nunnink* of *Meyer & Nunnink,* for appellants.

*John J. Laffey* of *Laffey & Laffey,* for appellee.

PER CURIAM, July 13, 1934:

This is a Workmen's Compensation Case.

On February 5, 1930, the referee had awarded compensation and in the order directed: "It is further ordered that the claimant must have medical attention in the form of dental work, which work must be completed within sixty (60) days or compensation ceases." This finding was approved by the Board on April 4, 1930. On June 8, 1931 a petition was presented to terminate on the ground that the claimant did not comply with the order of the referee to have dental work done within sixty (60) days following February 5, 1930. There has been no compensation paid since April 6, 1930. The referee to whom this petition was presented denied the request and refused the petition; the Board approved the action of the referee, and an appeal to the common pleas followed, and the court affirmed the action of the Board.

The Workmen's Compensation Act 1915, June 2, P. L. 736, Art. 111, Sec. 306, 77 PS Sec. 531, page 457, provides: "If the employe shall refuse reasonable surgical, medical and hospital services, medicines and supplies tendered to him by his employer, he shall forfeit all right to compensation for any injury or increase in his incapacity shown to have resulted from such refusal." When we consider the order

made by the referee we must presume that it was made in conformity to the act. The compensation, therefore, would cease if the medical attention was tendered to the employe by his employer and refused. There is no evidence that this was done. Nor was it shown that the failure to have his teeth extracted caused "any injury or increase in his incapacity." On the other hand, at the hearing held November 10, 1931, it appears that the teeth were extracted on December 1, 1930 and instead of any benefit resulting, the condition of the claimant became worse.

The learned judge of the common pleas, who wrote the opinion for the court en banc, states more fully our view: "Before defendant was entitled to a final termination, it was bound to show not only that the needed dental services had been tendered by the defendant and declined by claimant, but that had they been accepted when offered, claimant's disablement would have been remedied and his capacity to work fully restored. As stated in Parlovich v. Phila. & R. C. & I. Co., 76 Pa. Superior Ct. 86, there is an 'obligation on the employer company to show that the injury (or continued disability) was entirely the result of the unwillingness of the employe to receive treatment, or that such conduct on his part resulted in a larger incapacity than would have been the probable and reasonable result of the original injury.' This defendant neither claimed nor proved that it had tendered dental treatment to claimant or that extraction of the teeth within sixty days after February 5, 1930, would have removed claimant's incapacity. Since the proof was uncontradicted that claimant was in no wise benefited when his teeth were eventually extracted in December, 1930, it follows that defendant failed to establish its right to a termination of liability."

The order of the lower court is affirmed.