Priorello *v.* State Workmen's Insurance Fund
et al., Appellants.

Argued October 5, 1938.

Before KELLER, P.
J., CUNNINGHAM, BALDRIGE, PARKER and RHODES, JJ.

*S. H. Torchia,* with him *Guy K. Bard,* Attorney General, *John T. J. Brennan* and *Albert C. Richter,* for appellants.

*Joseph F. Tedesco,* for appellee.

OPINION BY KELLER, P. J., December 16, 1938:

The insurance carrier in this case, the State Workmen's Insurance Fund, has no one but itself to blame if the supplemental compensation agreement entered into with the claimant appellee was indefinite and uncertain in its terms. It prepared it. If it was intended to cover a permanent injury compensable only under Section 306(c), that is, resulting from the loss of a specific member, by payments for a definite number of weeks, "without considering, but including, all incapacity to labor that may be connected therewith, whether such incapacity be total, partial or no incapacity at all" (*Lente v. Luci,* 275 Pa. 217, 220, 119 A. 132), it should have said so and stopped. The original agreement prepared in this case was an open 'omnium-gatherum,' applicable to Sections 306(a) and 306(b) as well as to 306(c), and was so general in its provisions as to be contradictory and inconsistent. If such a general form is used, the agents of the State Workmen's Insurance Fund should have enough knowledge and comprehension of the law to be able to cross out the provisions which are not applicable in the circumstances of the particular case. The second supplemental agreement contained the following definite provision:

"It is now hereby agreed between the parties hereto, that the status of the disability of the said Vincenzo Priorello changed on June 9, 1935 as follows:

Amputation of fourth finger, right hand, last joint. It is further agreed that on and after June 9, 1936, compensation shall be payable to the said Vincenzo Priorello at the rate of $14.51 per week, for fifteen (15) weeks; *or, if the future period of disability is uncertain, then to continue at the above rate of $14.51 per week until terminated by a further supplemental agreement, order of the Workmen's Compensation Board or referee, or by the execution of a proper final receipt*

*showing that disability has entirely ceased, or that the requirements of the Workmen's Compensation Act have been met and fully satisfied."* [Italics supplied.]

The claimant would be justified in interpreting this provision to mean that if he suffered any disability arising out of the accident, other than the amputation of the fourth finger of his right hand, the agreement would entitle him to compensation therefor.

The evidence in the case amply justifies the finding of the referee and the board that the injury resulting from the accident was not confined to the amputated fourth finger of the right hand but also affected the palm of the hand and the three remaining fingers and caused a partial disability, with a consequent loss of earning power of twenty-five per cent or $5.58 per week, on which an award of $3.63 per week was made from July 30, 1936, to continue as long as the disability remains unchanged, within the meaning and limitations of the Workmen's Compensation Act of 1915 and its amendments, in force at the date of the accident.

This being the case it is immaterial whether the second supplemental agreement was executed under a mistake of fact, in that it did not correctly recite the actual disability which existed at that time, as found by the referee and the board, or whether the agreement itself made provision for the payment of additional compensation, if it should develop that the disability was not confined to the amputated finger. There is nothing in the law which prevents an insurance carrier from so agreeing. In either event, the award should be sustained. It is also to be noted that the second supplemental agreement *as drawn by appellant insurance carrier* provides for the payment of compensation at the rate of $14.51 per week for fifteen weeks from and after June 9, 1936. The petition to review was filed within fifteen weeks after June 9, 1936.

Appellant also complains of the order of the court below entering judgment on the award. While absolute

in form, it is, of course, understood to be subject to the provisions of the Workmen's Compensation Act as respects future termination, modification, suspension, etc., if justified, by the death of the claimant or by a change in the character of his disability, as set forth in *Graham v. Hillman Coal & Coke Co.*, 122 Pa. Superior Ct. 579, 586, 186 A. 400, and kindred cases.

As so modified the judgment is affirmed.