Barron *v*. Coxe Bros. & Co., Inc., Appellant.

Argued March 6, 1940. 

 Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ. 

*John H. Bigelow,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY KELLER, P. J., April 22, 1940:

The facts in this case sufficiently distinguish it from *Phillips v. Coxe Brothers & Company, Inc.,* 135 Pa. Superior Ct. 185, 5 A. 2d 445, to justify the Workmen's Compensation Board in setting aside the final receipt signed by claimant and allowing him compensation for serious and permanent disfigurement of the head or face.

In the Phillips case, the claimant had attended the public schools, could read and write and understood the English language thoroughly. This claimant is comparatively illiterate and can read only a little English—not much. He does not have a thorough understanding of the language. In the Phillips case, the disfigurement was comparatively slight; in the present case it is serious and considerable. In the Phillips case, nothing was said to mislead the claimant as to what he was signing—the claimant testified only that he *thought* it [the final receipt] "didn't have anything to do with disfigurement," but there was nothing in the record to show that the matter of disfigurement had not been discussed when the receipt was signed; in the present case, the claimant testified that he asked to have the receipt read to him; that, as read, it said nothing about disfigurement, and that he was told that signing the receipt would have nothing to do with his disfigurement. It is not disputed, that although claimant was shown to have been seriously disfigured by the accident,—[the board awarded compensation for fifty weeks]—the compensation agreement

made no specific provision for the payment of compensation for disfigurement, and the amount paid claimant when the final receipt was signed was the precise amount payable to him for the compensable time he was unable to work, $15 per week from December 20, 1935 to January 14, 1936, inclusive. The accident happened on December 13, 1935 and he returned to work on January 15, 1936. Apparently he was paid no compensation at all until he signed the final and only receipt on February 15, 1936.

The defendant employer produced no testimony in denial or rebuttal of the testimony of the claimant. Its representative, who secured the receipt, was not called as a witness to testify that the words "including all claims for disfigurement", which were *printed* in the final receipt form signed by claimant, had been called to claimant's attention, or that his disfigurement had been discussed or mentioned when the receipt was signed by him, which should have been done, in view of the claimant's illiteracy and of the fact that the payment to him included no compensation over and above the exact amount due him for disability resulting from the accident; which would have been proper, if, and only if, the parties had agreed that the compensation payable for his disfigurement did not exceed the sum paid him.

The evidence justifies the following statement in the opinion of the board: "In the instant case the compensation agreement made no provision for the payment of compensation for disfigurement for any period whatever. If it was within the contemplation of the parties, and they agreed, that the disfigurement was compensable for a period of 3 5/7 weeks or less, then the final receipt should not be set aside. But this seems improbable, first from the fact that the total compensation paid was but 3 5/7 weeks where admittedly there is a serious facial disfigurement, and secondly from the fact that claimant cannot read English to a very

4

satisfactory extent and accordingly executed the final receipt in order to get a check for his disability. Since the element of disfigurement was neither considered nor disposed of in the compensation agreement and apparently was not contemplated by the parties when the final receipt was executed, the fact that this phrase was inserted [printed] in the form of a final receipt is not conclusive upon the claimant. He was still within his rights in attempting to show, at the hearing, that despite the recital of the final receipt that compensation paid included disfigurement, the compensation was actually paid for disability only. In our opinion, the claimant signed the final receipt without intending to dispose of his claim for disfigurement, and we therefore believe that the final receipt was signed by mistake."

Accordingly, it found as a fact:

"3. The claimant signed the final receipt dated February 15, 1936 by mistake in that he did not intend it to be a final receipt for disfigurement but only for disability,"

and made the following conclusion of law:

"1. Since the final receipt was signed by mistake, it is hereby set aside in accordance with the provisions of the Workmen's Compensation Act of 1915, as amended, and claimant is therefore entitled to compensation for disfigurement."

We think the recital from the board's opinion above referred to, which is fully substantiated by the evidence in the record, justified it in setting aside the final receipt, on the ground that claimant did not intend to release his claim for disfigurement and did not know he was doing so, which might, perhaps, be termed a mistake, but, in the circumstances here present, was rather ascribable to improper conduct on the part of the defendant's agent or agents. See *Nigbrowich v. State Workmen's Ins. Fund,* 131 Pa. Superior Ct. 532, 537, 200 A. 282.

The judgment is affirmed.