Yellow Freight System, Petitioner v. Workmen's Compensation Appeal Board (Roy McGill), Respondents.

Submitted on briefs September 16, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*William C. McCarty, Hartman, Underhill & Brubaker,* for petitioner.

*Philip M. Cullen,* with him *James P. Cullen,* for respondent, Roy McGill.

OPINION BY JUDGE DOYLE, March 10, 1983:

This is an appeal by Yellow Freight System, Inc. (Yellow Freight) from an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of a referee to set aside a final receipt and grant an award of compensation benefits to Roy McGill (Claimant).

On March 4, 1977, Claimant suffered an acute lumbosacral disc extrusion while working for Yellow Freight as a casual employee. As a result thereof, Claimant received compensation benefits from that date until May 16, 1977, when a final receipt was exe-

cuted. Claimant did not work for Yellow Freight in any capacity at any time following the March 4, 1977 incident. On November 15, 1977, while Claimant was raking leaves in his yard, he suffered severe back pain. Claimant received therapy and was not able to return to his current employment until December 2, 1977. On February 4, 1978, Claimant again suffered a sharp pain in his back while walking up the stairs in his home. Claimant received therapy and returned to work on February 14, 1978. The following day, Claimant filed a petition to review the Yellow Freight compensation agreement claiming that the back problems of November 15, 1977 and February 4, 1978 were recurrences of his March 4, 1977 injury. Following a hearing on April 4, 1978, the referee concluded that Claimant had failed to prove that all disability had not terminated at the time the final receipt was executed and therefore denied compensation benefits. On appeal to the Board, this decision was remanded for clarification. Although a subsequent hearing was not held, the referee did accept additional correspondence and statements from counsel and from Claimant's treating physician, James P. Argires, M.D. Based upon this new evidence, the Board's remand order, and the record of the prior decision, the referee became convinced that all disability had not terminated when Claimant executed the final receipt. The referee concluded that Claimant had suffered recurrences of his original injury on November 5, 1977 and February 4, 1978, and therefore awarded compensation benefits for the periods of disability and medical costs. The Board affirmed this decision and the appeal to this Court followed.

Before this Court, Yellow Freight raises two arguments. First, it contends that the referee's finding of fact that Claimant's disability had not terminated as of the signing of the final receipt is not supported by

substantial evidence. Second, Yellow Freight argues that the referee's finding of fact that Claimant had suffered two compensable recurrences of the original work related injury is not supported by unequivocal medical evidence.

In a workmen's compensation case where the party with the burden of proof prevailed below, this Court's review is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact are unsupported by substantial evidence. *Colt Industries v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 354, 414 A.2d 439 (1980).

Concerning the first issue, we note that a claimant who seeks to set aside a final receipt must present clear and convincing evidence that all liability due to the injury in fact had not terminated at the time final receipt was signed. *Kerchner v. Materials Transport Service, Inc.,* 29 Pa. Commonwealth Ct. 589, 372 A.2d 51 (1977). Claimant, as the party who prevailed below, is entitled to the benefit of the most favorable inferences to be drawn from the evidence. *Workmen's Compensation Appeal Board v. Thomas V. Ferrick, Inc.,* 23 Pa. Commonwealth Ct. 591, 353 A.2d 490 (1976). Following our thorough review of the record, we are convinced that the testimony concerning Claimant's need to wear a supportive corset, in conjunction with the treating physician's statements, constitutes clear and convincing evidence that the disability had not terminated.

With regard to the second issue raised by Yellow Freight, we note that where there is no obvious causal relationship between a claimant's subsequent injury and the original work incident, the medical testimony must unequivocally establish that the injury in question did arise from the assigned cause. *American Refrigerator Equipment Co. v. Workmen's Compensa-*

*tion Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Yellow Freight contends that Claimant's medical witness was equivocal in attributing the cause of the later back injuries. We disagree. Dr. Argires' statements, in his letter to the referee, are clearly unequivocal:

> Mr. Roy McGill aggravated a low back pain syndome which had been [a] pre-existing condition from a prior injury occurring at Yellow Freight Co.

and:

> It is my personal feeling that this gentleman sustained an original injury in November of 1977 while he was employed by the Yellow Freight Company. . . .
>
> . . . .
>
> . . . I feel that this was a legitimate recurrence of his original injury in these other two incidents.

Since the referee's findings of fact are supported by substantial evidence, and the necessary causal relationship is established by unequivocal medical testimony, the order of the Board is affirmed.

## ORDER

Now, March 10, 1983, the order of the Workmen's Compensation Appeal Board at number A-78551, dated April 23, 1981, is hereby affirmed.