Koppers Company and the Travelers Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Martin), Respondents.

Submitted on briefs October 6, 1983, to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Eugene G. Berry,* for petitioner, Koppers Company.

*Richard G. Spagnolli, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Dennis A. Martin.

OPINION BY JUDGE DOYLE, February 13, 1984:

This is an appeal by the Koppers Company (Koppers) and Travelers Insurance Company from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Dennis A. Martin (Claimant). We affirm.

On September 2, 1981, Claimant was injured during the course of his employment with Koppers and was paid compensation, pursuant to a Notice of Compensation Payable dated September 16, 1981, for various contusions and lacerations sustained by him. Claimant returned to work and executed a Final Receipt which indicated payment to him of 6/7 of a week of compensation. On January 8, 1982, Claimant filed a Petition to Set Aside the Final Receipt seeking compensation for facial disfigurement under Section 306 (c) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

Initially, Koppers argues that the signing of the Final Receipt bars Claimant's recovery. Koppers relies on *Phillips v. Coxe Brothers & Co.,* 135 Pa. Superior Ct. 185, 5 A.2d 445 (1939); that reliance is misplaced. At the time *Phillips* was decided, final receipts signed in workmen's compensation claims expressly included claims for disfigurement in releasing the employer from further liability. Today they do

not[1] and the law regarding petitions to set aside a Final Receipt has changed much since 1939. *See* 2 Barbieri, Pennsylvania Workmen's Compensation §6.33 (1975). Our case law is clear that a final receipt may be set aside upon a showing that all compensable disability had not ceased at the time of the signing. *Yellow Freight System v. Workmen's Compensation Appeal Board (McGill)*, 72 Pa. Commonwealth Ct. 500, 456 A.2d 1160 (1983); *Wool v. Workmen's Compensation Appeal Board (Wool's Block Works)*, 69 Pa. Commonwealth Ct. 276, 450 A.2d 1081 (1982).

Koppers next urges that Claimant failed to meet his burden to set aside the Final Receipt because he presented no medical evidence that the scar was serious and permanent so as to be compensable under Section 306(c). We disagree. We have held that the permanence and seriousness of a scar can be determined on view,[2] *Sun Ship & Dry Dock Co. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 302, 398 A.2d 1111 (1979), *aff'd Sun Ship Inc. v. Pennsylvania*, 447 U.S. 715 (1980), and may be determined without medical evidence. *East Coast Shows v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 312, 390 A.2d 323 (1978).[3] Recently, we

---

[1] The omission of express release from claims of disfigurement in the language of Final Receipts currently in use may well be in recognition of the difficulty in determining the permanence of scars at such time as all other disability has ceased and signing of a Final Receipt is otherwise appropriate.

[2] View of scarring by the Board is, of course, limited in context to whether or not the findings of the referee are supported by substantial evidence. *See American Chain & Cable Co. v. Workmen's Compensation Appeal Board (Weaver)*, 70 Pa. Commonwealth Ct. 579, 454 A.2d 211 (1982).

[3] Koppers argues that the instant case is distinguishable from *East Coast Shows*. In *East Coast Shows*, the referee viewed the scarring fourteen months after the accident; here the referee viewed the scar six months following the injury and it is urged that he

have emphasized that, unlike other compensable injuries, disfigurement is not best determined by medical evidence. *American Chain & Cable Co. v. Workmen's Compensation Appeal Board (Weaver)*, 70 Pa. Commonwealth Ct. 579, 454 A.2d 211 (1982). The referee and the Board necessarily rely primarily on their viewing of the scar to determine its seriousness and the amount of compensation to be awarded. *American Chain*. The viewing of the scar here constitutes substantial evidence supporting the award. *See Allegheny Ludlum Industries, Inc. v. Workmen's Compensation Board of Review (Macurdy)*, 71 Pa. Commonwealth Ct. 74, 455 A.2d 213 (1983).

Finally, Koppers argues that it is entitled to a credit for the 6/7 of a week compensation already paid. It is not. The compensation already paid was compensation for temporary disability while Claimant's cuts and lacerations healed sufficiently for him to return to work. The seventeen weeks compensation awarded here was for the separate disfigurement sustained in the accident. *See Rowan v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 56, 426 A.2d 1304 (1981); *Truck Lubricating & Washing Co. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 495, 421 A.2d 1251 (1980).

## ORDER

Now, February 13, 1984, the order of the Workmen's Compensation Appeal Board in the above referenced matter, No. A-83699, dated November 18, 1982, is hereby affirmed.

---

could not, without medical evidence, determine that it was permanent. We note that the Board, however, viewed the scar eleven months following the incident and determined the referee's finding as to permanence to be supported by substantial evidence. In addition, we may attribute to the referee and the Board knowledge gained in experience regarding the fading or permanence of laceration scars.