American Chain and Cable Company, Petitioner *v.* Workmen's Compensation Appeal Board (Johnson), Respondent.

Submitted on briefs September 9, 1985, to Judges ROGERS and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert H. Griffith, Kagen, Griffith, Strickler, Lerman & Solymos,* for petitioner.

*Dale E. Anstine,* for respondent, Eugene Johnson.

OPINION BY JUDGE MACPHAIL, October 7, 1985:

American Chain and Cable Company (Employer) appeals a decision of the Workmen's Compensation Appeal Board (Board) that affirmed a referee's decision awarding benefits to Eugene Johnson (Claimant) for the specific loss of his hand.

On September 25, 1980, Claimant suffered a crushing injury to his right hand while working as a hydraulic press operator. As a result of that injury, Claimant suffered the total amputation of his middle, ring and little fingers of his right hand. Claimant received workmen's compensation benefits for the specific loss of those fingers and for a healing period. He then filed a petition for permanent loss of use of his right hand for all practical intents and purposes. Hearings were held before a referee, during which Claimant testified on his own behalf and also submitted into evidence the medical testimony of Dr. J. Joseph Danyo, an orthopedist, and Dr. Mary Louise Marley, a psychologist. On July 17, 1981, the referee, utilizing a percentage loss of functional use test,

awarded benefits to Claimant for the loss of his right hand.

On appeal, the Board held that the referee had used an improper standard and remanded the case to the referee for a decision as to whether Claimant had lost the use of the hand "for all practical intents and purposes."

After a further hearing at which Claimant testified and a second deposition from Dr. Danyo was offered and received into evidence, the referee awarded to Claimant benefits at the rate of $175.62 per week for 355 weeks for the specific loss of his right hand. In his decision, the referee made the following critical findings which were accepted and adopted by the Board:

5. The referee accepts the testimony of Dr. Danyo that Claimant has suffered a permanent injury to his right hand which has caused derangement of the bones of the hand; large fatty sacks of flesh on the back of the hand; the amputation of the 3rd, 4th and little fingers, the result being that for all intents and purposes Claimant has lost the use of his right hand.

6. In addition it is found that Claimant has suffered a psychiatric condition to this work related injury to his right hand which has caused the loss of the functional use of his right hand for all practical intents and purposes.

The Employer has appealed here solely on the basis that those findings were not supported by substantial evidence. We will affirm the Board.

Appellant here contends that there is no unequivocal medical evidence to support the referee's finding that Claimant has lost the use of his hand for all practical intents and purposes, nor is there such evi-

dence to support the finding that the loss of use of the hand is permanent. It is certainly true that Dr. Danyo nowhere said in so many words, "Mr. Johnson has permanently lost the use of his right hand for all practical intents and purposes." What the doctor did say in response to a specific question on this matter was

> The disability readings that I ascribed earlier remain unchanged and these are on a permanent basis.
>
> . . . .
>
> What I am saying is that on a permanent basis, Mr. Johnson has the objective disability that I mentioned plus the psychogenic component of 30 to 40 percent on a permanent basis.

R. 36a, 37a-38a.

> In an earlier deposition, Dr. Danyo had testified [h]e has two kinds of disability. The one is a strict numerical disability of the loss of three fingers which is slightly less than 50 percent, and the other disability is the mental aspect to which the disability—that is the combined disability of the orthopedic one plus the mental problem is somewhere in the region of 75, 80 percent.

R. 27a.

We believe that the referee could infer from that testimony that Claimant had permanently lost the use of his hand for all practical intents and purposes.[1]

Dr. Marley testified that Claimant had an emotional reaction to the loss of his fingers such that

---

[1] Claimant, having prevailed below, is entitled to the benefit of the most favorable inferences to be drawn from the evidence. *Yellow Freight System v. Workmen's Compensation Appeal Board*, 72 Pa. Commonwealth Ct. 500, 456 A.2d 1160 (1983).

Claimant unconsciously behaved as though his right hand did not exist. She also stated that in her opinion Claimant had lost the functional use of his hand for all intents and purposes "at this time," and that the prognosis is uncertain. We think that the referee could infer from that testimony that Dr. Marley had found that Mr. Johnson had permanently lost the use of his right hand for all practical intents and purposes.

Appellant acknowledges that mental and psychiatric injuries are compensable but contends that Dr. Marley's testimony does not state that there is a permanent psychological impairment. Claimant's position, of course, is that looking at all of the evidence in this case, including his own testimony, there is substantial evidence which, if believed by the referee, would support the referee's conclusion that Claimant had lost the functional use of his right hand for all practical intents and purposes. This is a somewhat unusual case in that the injury is not 100 percent psychological as in *Mrs. Smith Pie Co. v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 274, 426 A.2d 209 (1981), (benefits awarded where claimant suffered blindness caused by hysterical conversion without evidence of physiological injury) nor is it 100 percent physical as in *McGartland v. AMP Co.-Pittsburgh Corporation*, 485 Pa. 205, 413 A.2d 1068 (1980). We see no reason in the law, however, why a claimant should be barred from receiving benefits where the body member has been rendered useless for all practical intents and purposes by a combination of a work-related physical injury and the emotional reaction thereto. The issue to be resolved is still the same—is the evidence produced by the Claimant sufficient to meet his burden of proving that he has permanently lost the use of the body member for all practical intents and purposes?

The referee, of course, was free to believe Dr. Danyo's opinion that there was a physical injury which, when coupled with a psychogenic component, resulted in permanent loss of use of 70 percent of Claimant's right hand and the referee could believe Dr. Marley's opinion that Claimant lost the functional use of his right hand for all practical intents and purposes. In addition, the referee personally observed the Claimant's hand and heard the Claimant's testimony about what he could and could not do with that hand. Appellant offered no evidence to the contrary. We conclude that there is substantial evidence from which the referee could and did find that Claimant met his burden in this case.

ORDER

The Workmen's Compensation Board of Review, order No. A-86705, dated August 23, 1984, is affirmed.

